ORIGINAL

Kari Rawlings-Hoyer, Esq. [SBN 244261]
798 Lighthouse Avenue, Suite 133
Monterey, CA 93940
Tel. (831)601-8524
Fax (831)333-9078
Email: k-rawlings1@uop.edu
Local Counsel for Plaintiff, Directv, Inc.

Wayne D. Lonstein, Esq.
Lonstein Law Office, P.C.
1 Terrace Hill, P.O. Box 351
Ellenville, NY 12428
Tel. (845) 647-8500
Fax (845) 647-6277
Email: Wayne@signallaw.com

FILED Paid

2010 JUL 13 P 2:59 SL

99

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. C. SAN JOSE

E-filing

ADR

HRL

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

---------------------------------------------------------------

DIRECTV, INC., a California corporation,

Plaintiff,

-against-

CV 10-03071

Civil Action No.

UYEN THILE DANG, Individually, and as officer,
director, shareholder, and/or principal of CHOT NHO
CAFÉ INCORPORATED, d/b/a CHOT NHO 2,

and

CHOT NHO CAFÉ INCORPORATED, d/b/a CHOT
NHO 2,

Defendants.

---------------------------------------------------------------

## PLAINTIFF'S ORIGINAL COMPLAINT

1.    Plaintiff, DIRECTV, sues, UYEN THILE DANG, Individually, and as officer,

COMP.

-1-

1   director, shareholder, and/or principal of CHOT NHO CAFÉ INCORPORATED, d/b/a CHOT NHO

2   2, and CHOT NHO CAFÉ INCORPORATED, d/b/a CHOT NHO 2, (referred to hereinafter as

3   "Defendants"), and states as follows:

4

5                                    **I. JURISDICTION**

6        2.       This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984,

7   47 U.S.C. § 521, *et seq.* (The "Act"), as an action for declaratory and injunctive relief and damages

8   for the improper receipt, transmission, and exhibition of satellite programming signals in violation

9   of the Act.  This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331.

10   Pursuant to which the United States District Courts have original jurisdiction of all civil actions

11   arising under the Constitution, laws or treaties of the United States.

12        3.       This Court has personal jurisdiction over the parties in this action.  Defendants to this

13   action had or have an agent or agents who has or have independently transacted business in the State

14   of California and certain activities of Defendants giving rise to this action took place in the State of

15   California; more particularly, Defendants' acts of violating federal laws and the proprietary rights

16   of DIRECTV, Inc.,  as distributor of the satellite programming transmission signals, which took

17   place within the State of California.  Moreover, upon information and belief, Defendants have their

18   principal place of business within the State of California; thus, this Court has personal jurisdiction

19   over Defendants.

20

21

22

23                                                                        COMP.

1

## II. VENUE

2  4.  Venue is proper in this judicial district under 28 U.S.C. §1391(b) as a substantial part

3 of the events or omissions giving rise to the claim occurred within Santa Clara County, which is

4 within the District of California [28 U.S.C.§ 84(a)].

5

6

## III. PARTIES

7  5.  Plaintiff, DIRECTV, Inc. (referred to hereinafter as "DIRECTV"), is at all times

8 relevant hereto a corporation incorporated under the laws of the State of California.  DIRECTV is

9 a major distributor of satellite programming doing business throughout the United States.  Through

10 its operations, DIRECTV provides interstate direct broadcast satellite programming to subscribers

11 with specialized satellite receiving equipment who pay for the programming via a subscription fee

12 and obtain a programming license from DIRECTV in return for a subscription.  The obvious result

13 of a user subscription is that users can then watch programs on their televisions and/or listen to

14 certain high quality audio programs communicated electronically by DIRECTV via satellite (referred

15 to hereinafter as the "Satellite Programming").  DIRECTV holds proprietary rights to the Satellite

16 Programming it transmits and DIRECTV is the owner of and/or a lawfully designated distribution

17 agent for such Satellite Programming.

18  6.  Upon information and belief, Defendant, UYEN THILE DANG, is the owner of the

19 defendant, CHOT NHO CAFÉ INCORPORATED, for the premises located at 2444 Alvin Avenue,

20 San Jose, CA 95121.  Upon information and belief, Defendant, UYEN THILE DANG, resides at

21 1040 McLaughlin Avenue, San Jose, CA 95122.

22

23                 COMP.

1    7.  Upon information and belief, Defendant, CHOT NHO CAFÉ INCORPORATED,

2 d/b/a CHOT NHO 2, is the premises name located at 2444 Alvin Avenue, San Jose, CA 95121.

3    8.  Upon information and belief, Defendant, CHOT NHO CAFÉ INCORPORATED,

4 d/b/a CHOT NHO 2, is located and doing business at 2444 Alvin Avenue, San Jose, CA 95121, as

5 a commercial establishment.

6

7             **IV. <u>FACTS</u>**

8    9.  DIRECTV incorporates and realleges by reference allegations within paragraphs 1

9 through 8 of this complaint as if fully set forth herein.

10    10.  By way of further allegation, DIRECTV alleges that to prevent unauthorized entities

11 and persons from viewing the Satellite Programming, DIRECTV encrypts the satellite transmissions.

12 Upon payment of the appropriate subscription or license fees, DIRECTV authorizes and enables the

13 subscriber to unscramble and receive the Satellite Programming.

14    11.  DIRECTV provides services to homes based on residential rates and to commercial

15 establishments under commercial rates.  Because equipment used with DIRECTV services can be

16 moved from residential locations to commercial establishments without DIRECTV's knowledge,

17 owners of commercial establishments wishing to use DIRECTV's programming, for their own

18 commercial gain, at the lower residential rates can surreptitiously gain access to DIRECTV

19 programming without proper authorization by subscribing to DIRECTV services under a residential

20 account and then installing/moving the equipment to their businesses and utilizing those services in

21 a commercial environment.

22

23                    COMP.

12.     On or about, and prior to, January 3, 2010, Defendants willfully received and displayed Satellite Programming to the public and for commercial benefit or financial gain; specifically, Defendants received and displayed, among other programs, National Football League games only available through DIRECTV's premium "NFL Sunday Ticket" service.  Such Satellite Programming was displayed without authorization from DIRECTV.

13.     Defendants, without entitlement, without prior permission or authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display DIRECTV's Satellite Programming in the commercial establishment known as CHOT NHO 2, have received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV's Satellite Programming at such Defendants' place of business, CHOT NHO 2. Without authorization, Defendants displayed and/or published such Satellite Programming to their customers and others.  Defendants' conduct violates several federal statutes, including 18 U.S.C. §§2511 and 2512, and 47 U.S.C. §605, and laws of the State of California. Moreover, Defendants' acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

14.     DIRECTV has been damaged by Defendants in that (a) DIRECTV has been denied subscription fees for commercial use of its Satellite Programming; (b) DIRECTV's sales have been reduced through Defendants' unfair competition with DIRECTV's authorized customers; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired.  In addition, Defendants profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

COMP.

1    15.    DIRECTV has been required to retain attorneys to prevent Defendants' wrongful acts

2    and to prosecute this action.  Due to Defendants' statutory violations, DIRECTV is entitled to

3    recover the reasonable attorneys' fees and expenses incurred in prosecution of this action under

4    federal law.

5    ## V. **CAUSES OF ACTION**

6    **Count 1 - Damages for Violations of Cable Communications Policy Act**
7    **[47 U.S.C. §605(e)(3(C)]**
8
9    16.    DIRECTV realleges the allegations contained in the foregoing paragraphs of this

10   Complaint and incorporates such allegations as if fully set forth herein.

11   17.    DIRECTV alleges on information and belief, that Defendants effected unauthorized

12   interception and receipt of Satellite Programming by ordering programming for residential use and

13   subsequently displaying the programming in a commercial establishment for commercial gain

14   without authorization, or by such other means which are unknown to DIRECTV and known only to

15   Defendants.

16   18.    Each of the Defendants' acts violates federal law.  Defendants, illegally and without

17   authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized

18   interception, reception or exhibition of Satellite Programming transmitted by DIRECTV. Moreover,

19   Defendants divulged or published the existence, contents, substance, purport, effect or meaning of

20   such satellite communications. Further, Defendants used such communications for their own benefit

21   or for the benefit of others who were not entitled to such communications.  Each of these acts is a

22   practice prohibited by 47 U.S.C. §605(a).

23

24                                                        COMP.

19.     DIRECTV is a person aggrieved by Defendants' violation of 47 U.S.C. §605 and is authorized to institute this action against Defendants pursuant to 47 U.S.C. §605(e)(3)(A).

20.     Defendants' violations of 47 U.S.C. §605 have injured DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming.  As a further result of such violations, DIRECTV's goodwill and reputation have been usurped by Defendants while Defendants gained and will continue to gain unjust profits and undeserved goodwill.  DIRECTV is entitled to costs, reasonable attorney's fees, actual damages suffered and profits obtained by Defendants attributable to their illegal conduct.

21.     Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

22.     DIRECTV will further show that Defendants' conduct in violation of 47 U.S.C. §605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.     Due to Defendants' willful conduct, DIRECTV is entitled to statutory damages in an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C. §605(a).

### Count 2 - Damages for Violations of 18 U.S.C. §2511

24.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this Complaint and incorporates such allegations as if fully set forth herein.

COMP.

1      25.     For a further cause of action, DIRECTV alleges that Defendants intentionally

2   intercepted, endeavored to intercept, or procured other persons to intercept electronic

3   communications from DIRECTV. Defendants further disclosed or endeavored to disclose to others

4   the contents of electronic communications, knowing or having a reason to know that the information

5   was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511.

6   Defendants further intentionally used or endeavored to use the contents of electronic

7   communications, knowing or having reason to know that the information was obtained through the

8   interception of electronic communications in violation of 18 U.S.C. §2511.

9      26.     DIRECTV is a person whose electronic communications are being intercepted,

10  disclosed and/or intentionally used in violation of 18 U.S.C. §2511.

11     27.     Due to Defendants' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. §2520,

12  to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the

13  Defendants as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000

14  or $100 per day for each day Defendants acted in violation of 18 U.S.C. §2511.

15

16                          **Count 3 - Civil Conversion**

17     28.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this

18  Complaint and incorporates such allegations as if fully set forth herein.

19     29.     By virtue of the conduct set forth above, Defendants have unlawfully converted

20  DIRECTV's property for their own commercial use and benefit.

21                                                          COMP.

1        30.     Such conversion was done intentionally and wrongfully by Defendants to deprive

2    DIRECTV of its proprietary interests, and for Defendants' direct commercial benefit and advantage.

3        31.     Due to Defendants' wrongful conversion of DIRECTV Satellite Programming,

4    DIRECTV suffered damages.

5

6    **VI. <u>REQUEST FOR INJUNCTIVE RELIEF</u>**

7        32.     DIRECTV realleges the allegations contained in the foregoing paragraphs of this

8    Complaint and incorporates such allegations as if fully set forth herein.

9        33.     DIRECTV further alleges that unless restrained by this Court, Defendants will

10   continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without

11   authorization, in violation of 47 U.S.C. §605. Defendants intercepted and publicly exhibited the

12   Satellite Programming without authorization on at least one (1) occasion and DIRECTV cannot

13   practicably detect or determine each occasion on which Defendants have intercepted and publicly

14   exhibited the Satellite Programming.

15       34.     The violations of 47 U.S.C. §605 set forth above have caused and will continue to

16   cause DIRECTV irreparable harm.

17       35.     DIRECTV cannot practicably determine the loss of subscribers and lost revenues

18   resulting from Defendants' unlawful conduct. In addition to diminishing DIRECTV's revenues,

19   Defendants' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to

20   attract and finance the future acquisition, production, and distribution of quality programming,

21   thereby impairing DIRECTV's ability to enhance its future growth and profitability.

22

23               COMP.

36.    DIRECTV has no adequate remedy at law to redress the violations set forth above.

## VII. **PRAYER**

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against Defendants, and:

a.    Declare that Defendants' unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, were in violation of 18 U.S.C. §2511 and 47 U.S.C. §605, and that such violations were committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

b.    In accordance with 18 U.S.C. §2520(b)(1) and 47 U.S.C. §605(e)(3)(B)(I), enjoin Defendants, and Defendant corporation and establishment, their owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (i) interfering with DIRECTV's proprietary rights; (ii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iii) further violations;

c.    Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day Defendants violated 18 U.S.C. §2511 or, alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 18 U.S.C. §2511;

d.    Award DIRECTV statutory damages in the amount of $10,000 for each violation of 47 U.S.C. §605, plus an additional $100,000 for each violation pursuant to 47 U.S.C. §605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the Defendants' violations of 47 U.S.C. §605;

e.    That the Court award punitive damages; and

f.    That this Court award DIRECTV its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

COMP.

Dated: July 7, 2010
       Ellenville, New York

                              Respectfully submitted,


                              DIRECTV, Inc.

                              BY:_____
                                  WAYNE D. LONSTEIN
                                  LONSTEIN LAW OFFICE, P.C.
                                  Attorneys for Plaintiff
                                  1 Terrace Hill, P.O. Box 351
                                  Ellenville, NY 12428
                                  Email: Wayne@signallaw.com
                                  Tel. (845) 647-8500
                                  Fax (845) 647-6277
                                  *Our File No. NFL9-17CA-N02V*


                                  _____
                                  Kari Rawlings-Hoyer, Esq.
                                  Resident Counsel
                                  798 Lighthouse Avenue, Suite 133
                                  Monterey, CA 93940
                                  Tel. (831)601-8524
                                  Fax (831)333-9078
                                  Email: k-rawlings1@uop.edu
                                  SBN: 244261


                                                      COMP.


                              -11-